Richard S. Mandelson
BAKER & HOSTETLER LLP
303 East 17th Avenue, Suite 1100
Denver, Colorado 80203
Phone:  (303) 861-0600
Fax:  (303) 861-7805
Email:  rmandelson@bakerlaw.com
*Attorneys for Defendants PPL Services Corporation and PPL Montana, LLC*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | | |
|---|---|---|
| LEEANNA J. SPATH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | 2:10-cv-00058-SEH |
| v. | ) | |
| | ) | **CORRECTED BRIEF** |
| PPL SERVICES CORPORATION and | ) | **IN SUPPORT OF** |
| PPL MONTANA, LLC, | ) | **DEFENDANTS' PARTIAL** |
| | ) | **MOTION TO DISMISS** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Now comes Defendants PPL Services Corporation ("PPL Services") and PPL Montana, LLC ("PPLMT") through their undersigned counsel, and in support of their partial motion to dismiss, state:

## I.   INTRODUCTION AND RELEVANT COMPLAINT ALLEGATIONS

On October 8, 2010, Plaintiff filed her Complaint, asserting, amongst other claims, that she is entitled to overtime compensation for uncompensated overtime accrued during the course of her employment pursuant to Montana's overtime

statute, Mont. Code Ann. § 39-3-405, *et seq*.  Plaintiff has alleged that she was

terminated on March 16, 2010.  *See* Compl., ¶ 16.  Under the overtime statute,

however, Plaintiff had to bring her claim within 180 days of any default or delay in

payment of her wages.  Thus, on the bare allegations of the Complaint, Plaintiff's

claim under the overtime statute should be dismissed because it is time-barred.

## II.   <u>LEGAL STANDARD</u>

The Supreme Court has made clear that a complaint's "basic deficiency

should be exposed at the point of minimum expenditure of time and money by the

parties and the court."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)

(quoting 5 C. Wright and A. Miller, *Federal Practice & Procedure* § 1216, pp.

235-36 (3d ed. 2004)).  To survive a motion to dismiss, a plaintiff must put forth

sufficient "[f]actual allegations . . . to raise a right to relief above the speculative

level."  *Id.* at 1965.  A plaintiff's complaint must offer "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not

do."  *Id.* at 1965.  *See also*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Coto

Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010).  The Supreme Court,

explicating the standard set forth in *Twombly*, has emphasized that the trial court

should not consider conclusory allegations in analyzing plausibility.  *See Iqbal*,

129 S. Ct. at 1949-51.  And, dismissal of a claim is appropriate under Rule

12(b)(6) when the allegations on the face of the complaint demonstrate that the complaint is time-barred.  *See*, *e.g*., *Coto*, *supra*.

## III.   LAW AND ARGUMENT

###   A.   The allegations of Plaintiff's Complaint demonstrate that her overtime claim is time-barred.

Plaintiff's claim under the Montana overtime compensation statute is time-barred on the facial allegations of the Complaint.  Section 39-3-407 provides that enforcement of the overtime statute must be treated as a wage claim action and pursued in accordance with part 2 of the chapter, which governs wage claim actions.  Section 39-3-207(1), in turn, provides the period within which an employee may recover wages and penalties for a wage claim violation.

Specifically, "[a]n employee may recover all wages and penalties . . . by filing a complaint within 180 days of default or delay in the payment of wages." *Jensen v. Dept. of Trans.*, 2009 MT 246, ¶ 8, 351 Mont. 443, 214 P.3d 1227 (emphasis added) (quoting Mont. Code Ann. § 39-3-207(1)).  A wage claim accrues when the employer's duty to pay the employee matures and the employer fails to pay.  *See id*., ¶ 11 (citing *Craver v. Waste Mgt. Partners of Bozeman*, 265 Mont. 37, 44, 874 P.2d 1, 2 (1994), *overruled in part on other grounds, In re Estate of Lande*, 1999 MT 179, ¶ 15, 295 Mont. 277, 983 P.2d 316.).

Plaintiff's Complaint alleges that she was terminated on March 16, 2010. Compl, ¶ 16.  In Montana, a terminated employee is to be paid no later than 15

days after her last day of employment. *See* Mont. Code Ann. § 39-3-205. Thus, any right to wages accrued no later than March 31, 2010. Even if it is assumed that Plaintiff continued to work uncompensated overtime until the date of her termination and that March 31, 2010 is the latest possible date that any overtime claim could have accrued, her claim must have been filed on or before September 27, 2010 to meet the 180-day requirement. It was not filed until October 8, 2010. These facts are clearly pled on the face of the Complaint, and the date the Complaint was filed is subject to judicial notice. For these reasons, Plaintiff's claim under Mont. Code Ann. § 39-3-405, *et seq* should be dismissed.

**B.**    **Defendants are entitled to attorneys' fees incurred on this motion.**

"Whenever it is necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due as provided for by this part, a resulting judgment must include a reasonable attorney fee in favor of the successful party, to be taxed as part of the costs in the case." Mont. Code Ann. § 39-3-214. The language of the statute is mandatory. Should Defendants prevail on this motion, the Court should also award reasonable attorneys' fees incurred in researching and responding to Plaintiff's overtime claim.

WHEREFORE, Defendants PPL Services Corporation and PPL Montana, LLC respectfully request that Plaintiff's claim under MCA § 39-3-405, *et seq* be dismissed with prejudice and reasonable attorneys' fees be awarded to Defendants.

4

DATED this 9th day of November, 2010.


                                        _s/ Richard S. Mandelson_____
                                        Richard S. Mandelson
                                        Attorneys for Defendants
                                        PPL Services Corporation and
                                        PPL Montana, LLC


### Certificate of Compliance Pursuant to Rule 7.1 (d)(2)(E)

I certify that this motion complies with the word limits of this rule.  The number of words in this motion, excluding caption and certificates of service and compliance, total 826 words.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of November, 2010, I electronically filed the foregoing **CORRECTED DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system and served copies sent via U.S. Mail postage prepaid to the following:

    Gregory C. Black
    CORETTE POHLMAN & KEBE
    129 West Park Street, Suite 301
    Butte, Montana 59703
    Email: gcblack@cpklawmt.com

                                  *s/ Richard S. Mandelson*
                                  Attorney for Defendants
                                  PPL Services Corporation and
                                  PPL Montana, LLC